IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 04-38-2 |
| | : | |
| ASHLEY ANDREWS | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                              **March 1, 2011**

Defendant Ashley Andrews asks this Court to order his release from custody pending appeal of his conviction and sentence, pursuant to the Bail Reform Act, 18 U.S.C. § 3141 et seq., and Federal Rule of Appellate Procedure 9. Because Andrews has not shown his appeal raises a substantial question of law or fact, as required to obtain release pending appeal pursuant to 18 U.S.C. § 3143(b),[1] his motion is denied.

On September 20, 2006, Andrews was convicted of conspiracy to violate federal law, wire fraud, program fraud, fraudulent claims upon the government, and inducing a conflict of interest in violation of federal and Virgin Islands law. Following his conviction, Andrews continued to be released on house arrest pending imposition of sentence. On January 19, 2011, this Court sentenced Andrews to 151 months of imprisonment. Andrews thereafter filed a notice of appeal and the instant motion for bail or release pending appeal, which the Government opposes.

A defendant who has been convicted and sentenced to a term of imprisonment is entitled to release pending appeal only if a court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a

---

[1] Although Andrews cites 18 U.S.C. § 3148, a motion for release pending appeal filed by a defendant who has been convicted and sentenced to a term of imprisonment is governed by 18 U.S.C. § 3143.

>danger to the safety of any other person or the community if released under [18 U.S.C. § 3142(b) or (c)]; and
>
>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The defendant has the burden of proving each of these criteria is met. *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). To satisfy the "substantial question" requirement, a defendant must show (1) the issue he raises on appeal is a significant one, and (2) the issue "is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 23; *accord United States v. Smith*, 793 F.2d 85, 88-89 (3d Cir. 1986). The defendant must also show the substantial question is "sufficiently important to the merits that a contrary appellate ruling is likely to require reversal," or a new trial, non-incarceration sentence, or reduced sentence less than the total of the time already served plus the expected duration of the appellate process. *Miller*, 753 F.2d at 23; *United States v. Malik*, No. 08-614, 2010 WL 276323, at *2 (E.D. Pa. Jan. 21, 2010).

In his motion, Andrews identifies two issues he intends to raise on appeal. First, Andrews asserts he intends to pursue a claim for ineffective assistance of his trial counsel, an attorney who was "disbarred for questionable conduct within months of [Andrews's] conviction." Mot. for Bail 3. Second, Andrews asserts he "intends to challenge the upward departure on the sentence." *Id.*[2]

---

[2] Andrews also asserts he intends to raise "other substantive and procedural challenges available from the record," Mot. for Bail 3, but this allegation fails to identify any substantial question of law or fact.

With respect to Andrews's ineffective assistance of counsel claim, such claims "are generally not entertained on a direct appeal" because they "'frequently involve questions regarding conduct that occurred outside the purview of the district court and therefore can be resolved only after a factual development at an appropriate hearing.'" *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004) (quoting *Gov't of the V.I. v. Zepp*, 748 F.2d 125, 133 (3d Cir. 1984)). Although the Third Circuit has recognized a narrow exception to this rule where "the record is sufficient to allow determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed," *id.* at 556 (citation omitted), Andrews provides no details regarding his ineffective assistance of counsel claim to suggest the claim falls within this exception. Moreover, while Andrews notes his trial counsel was disbarred for unspecified misconduct some months after Andrews's conviction, he does not explain how counsel's performance at his trial was deficient or how he was prejudiced by any allegedly deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding to prevail on an ineffective assistance of counsel claim, a defendant must show counsel's performance was deficient and prejudiced the defense). Andrews has therefore failed to show his ineffective assistance of counsel claim involves a substantial question of law or fact.

As to Andrews's claim regarding his sentence, because this Court did not grant the Government's motion for an upward departure, the Court assumes Andrews intends to challenge this Court's decision to apply a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Here again, beyond identifying the "upward departure" as a possible ground for appeal, Andrews does not offer any explanation as to why imposition of the obstruction of justice enhancement was improper. Moreover, even if Andrews had raised a substantial question of law or

3

fact as to this sentencing issue, the obstruction of justice enhancement did not have a sufficiently significant effect on Andrews's sentence to provide a basis for release pending appeal.  As a result of the enhancement, Andrews's advisory guideline range increased from 121-151 months to 151-188 months.  Accordingly, Andrews cannot show a contrary appellate ruling on the enhancement would be likely to result in a non-incarceration sentence or a reduced sentence to a term of imprisonment less than the total of the time already served (currently just over one month) plus the expected duration of the appeal process.

Because Andrews has failed to make the showing required by 18 U.S.C. § 3143(b)(1), his motion for bail or release pending appeal is denied.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.