IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 04-38-2 |
| | : | |
| v. | : | CIVIL ACTION No. 13-71 |
| | : | |
| ASHLEY ANDREWS | : | |

## **ORDER**

AND NOW, this 14th day of July, 2014, upon careful and independent consideration of Defendant Ashley Andrews's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and after review of the Report and Recommendation of United States Magistrate Judge Ruth Miller and Andrews's objections thereto, it is ORDERED:

1.  Andrews's objections to the Report and Recommendation are OVERRULED;[1]

---

[1] In 2006, Andrews was convicted on federal charges of conspiracy, wire fraud, and program fraud, and state charges of fraudulent claims upon the Government of the Virgin Islands and inducing a conflict of interest. On January 19, 2011, this Court sentenced Andrews to a total of 151 months of imprisonment. The sentence imposed was the bottom of Andrews's sentencing range under the United States Sentencing Guidelines. Following appeal, this Court imposed a reduced sentence of 130 months on December 13, 2012.

In his § 2255 motion, Andrews argues he received ineffective assistance of counsel in connection with his original sentencing because his counsel (1) failed to argue a below-Guidelines sentence was necessary to avoid unwarranted sentencing disparities with other defendants convicted of similar crimes, and (2) failed to adequately prepare for sentencing and to adequately prepare Andrews for his allocution at sentencing. On May 28, 2014, the Magistrate Judge issued a Report and Recommendation in which she evaluated each of Andrews's ineffective assistance of counsel claims under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See id.* at 687 (holding to establish a claim for a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense"). With respect to Andrews's claim regarding his counsel's failure to argue the need to avoid unwarranted sentencing disparities, the Magistrate Judge concluded Andrews had not shown either that his counsel's performance was deficient or that he was prejudiced by the asserted errors. The Magistrate Judge rejected Andrews's argument that his counsel was ineffective in failing to bring to the Court's attention certain statistical information regarding the median length of imprisonment for defendants convicted of similar offenses and examples of other public corruption cases in which defendants received lower sentences than Andrews, finding that Andrews had not sufficiently demonstrated that the information counsel failed to

present to the Court concerned defendants similarly situated to Andrews.  The Magistrate Judge also found nothing in the record to suggest there is a reasonable probability that had counsel made the argument Andrews now urges, the Court would have imposed a below-Guidelines sentence.  As to Andrews's claim regarding counsel's lack of adequate preparation for sentencing, the Magistrate Judge concluded Andrews had not shown he was prejudiced by counsel's allegedly deficient performance.

Andrews objects to the Magistrate Judge's analysis of both claims.  With respect to his claim regarding unwarranted sentencing disparities, Andrews asserts the Magistrate Judge improperly discounted the relevance of some of the information he contends his counsel should have brought to the Court's attention.  This objection lacks merit.  The Court agrees with the Magistrate Judge that Andrews's mere citation of a Sentencing Commission "datafile" regarding the median length of imprisonment for convictions for "similar offenses" is meaningless in the absence of any explanation of the data or how the defendants included in the data are similarly situated to him.  Although *United States v. Plaskett, et al.*, Crim. No. 2007-60 (D.V.I. filed Nov. 8, 2007), and *United States v. McNair*, 605 F.3d 1152 (11th Cir. 2010), the two public corruption cases Andrews cites in which defendants received below-Guidelines sentences, appear to involve offense conduct that bears some similarity to the offense conduct in this case, counsel's failure to bring these two cases to the Court's attention does not rise to the level of constitutionally deficient performance.  Moreover, the Court agrees with the Magistrate Judge that the record does not support Andrews's argument that had counsel argued for a below-Guidelines sentence based on the sentences imposed on other defendants in other cases, there is a reasonable probability the Court would have imposed a lower sentence.  In considering the 18 U.S.C. § 3553(a) factors at sentencing, the Court emphasized the seriousness of the offense in this case and the need to deter public corruption, a significant problem in the Virgin Islands.  *See* Sentencing Hr'g Tr. 102-06, Jan. 19, 2011.  Indeed, in its reply to Andrews's sentencing memorandum, the Government cited the *Plaskett* case, the same case Andrews argues his counsel should have used to urge the Court to impose a below-Guidelines sentence, as an example of the rampant public corruption in the Virgin Islands.  *See* Gov't's Reply to Def.'s Sentencing Mem. 2 n.1, ECF No. 884 (collecting examples of recent public corruption cases in the Virgin Islands); *see also* Sentencing Hr'g Tr. 106 (noting the Court's agreement with the Government's observation "that we have too much corruption that impacts the people of the Virgin Islands").  In this context, it is not reasonably probable that had Andrews's counsel made the argument Andrews now urges, it would have tipped the balance in favor of a below-Guidelines sentence.

As to Andrews's claim based on counsel's preparation for sentencing, Andrews objects to the Magistrate Judge's conclusion that he failed to establish the asserted deficiencies in counsel's performance prejudiced him.  As Andrews notes, at sentencing, the Court expressed some concern about the tone of his sentencing memo and allocution, both of which, in the Court's view, sought to minimize his offense conduct as the product of poor judgment.  *See* Def.'s Sentencing Mem. 4, ECF No. 874 (stating although Andrews "did not make the best business choices," he "did not intend to cheat the Government"); Sentencing Hr'g Tr. 97-98 (Andrews's characterization of his offense conduct during allocution as a "misjudgment"); *id.* at 103 (noting the Court "was really shocked and surprised by the tone of the defense memorandum, and quite frankly, by the choice of words of this defendant who I believe is in denial, who believes that he has done nothing absolutely wrong").  In determining Andrews's sentence, the Court noted it had

2. The Report and Recommendation (Document 972) is APPROVED and ADOPTED;

3. Andrews's § 2255 motion (Document 957) is DENIED;

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability;

5. Andrews's Request for Expedited Hearing (Document 971) is DISMISSED as moot; and

6. The Clerk of Court is directed to mark both of the above-captioned cases CLOSED.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

considered his statement, including his characterization of his offense conduct as "misjudgment," as well as his representation that he had spent his life helping others. *See* Sentencing Hr'g Tr. 107. The Court acknowledged that Andrews had "accomplished a lot" and stated that based on what Andrews had done in the past, the Court would not accept the Government's recommendation of a sentence at the top of the advisory Guidelines rage. *Id.* Although the Court acknowledged Andrews's use of the word "misjudgment" was troubling, the Court did not specify how Andrews's characterization of his offense conduct impacted his sentence. *See id.* Rather, the Court indicated that "for the other considerations, I think that a sentence at the lower end of the [G]uidelines will be appropriate." *Id.* Given the Court's emphasis of the need for the sentence imposed to reflect the seriousness of the offense and to deter public corruption in the Virgin Islands, the Court cannot conclude it is reasonably probable that had counsel advised Andrews to refrain from minimizing or excusing his conduct, and had Andrews heeded counsel's advice at allocution, the Court would have imposed a below-Guidelines sentence. Accordingly, Andrews's objections to the Report and Recommendation are overruled.